**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1340
_____

UNITED STATES OF AMERICA

v.

LARNELL MORRISON,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 1-10-cr-00246-001)
District Judge:  Honorable Sylvia H. Rambo

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 18, 2013

Before:  SMITH, CHAGARES and BARRY, Circuit Judges.

(Filed :January 29, 2013)

_____

OPINION
_____

CHAGARES, Circuit Judge.

Larnell Morrison pled guilty to two counts of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Morrison and the Government came to an agreement under which the parties recommended an advisory sentencing range of 41 to 51 months. The District Court sentenced Morrison to 51 months of imprisonment, a sentence that Morrison now challenges as being impermissibly based on an incorrect range. For the reasons that follow, we will affirm.

I.

We write exclusively for the parties and thus recount only the facts essential to our disposition. Morrison pled guilty to two counts of unlawfully distributing cocaine after he sold drugs to a government informant on two separate occasions. The pre-sentence investigation report submitted to the parties in advance of the sentencing hearing found that Morrison was responsible for over 800 grams of cocaine base and over 700 grams of cocaine hydrochloride, which translated to an offense level of 34. With a three-level reduction for acceptance of responsibility, this resulted in a recommended offense level of 31 and, with Morrison's criminal history category of IV, an advisory sentencing range of 188 to 235 months. Morrison filed multiple objections to the report, contesting his career offender status and the amount of drugs attributed to him.

When the parties appeared before the District Court for sentencing, they informed the judge that they had reached an agreement whereby Morrison agreed to drop his objections to the pre-sentence investigation report in exchange for a reduced advisory Guidelines imprisonment range. The range they asked the District Court to accept was the range for an offense level of 20, or 41 to 51 months. Morrison now argues that

2

because the parties stipulated that only 300 to 400 grams of cocaine should be attributed to him, the correct offense level should have been 19 and the corresponding sentencing range should have been 37 to 46 months. The transcript of the sentencing hearing, though, shows that when the District Court asked defense counsel if he agreed to an "offense level at 23," which with the three-level reduction "would give you a potential sentence of anywhere between 41 and 51 months," defense counsel replied "Yes." Appendix 86. In making his argument, Morrison's attorney asked the District Court to impose a sentence of 41 months, which he referred to as "the low end of the guidelines." Id. at 89.

## II.

The District Court had jurisdiction over Morrison's sentencing pursuant to 18 U.S.C. § 3231. We have jurisdiction over the appeal under 28 U.S.C. § 1291. "When reviewing a sentence, an appellate court must ensure that the district court 'committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range.'" United States v. Aquino, 555 F.3d 124, 127 (3d Cir. 2009) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). "We review the District Court's interpretation of the Sentencing Guidelines de novo, and scrutinize any findings of fact for clear error." Id. (internal citations omitted).

Morrison's entire argument on appeal is based on his contention that during sentencing, the parties stipulated that between 300 and 400 grams of cocaine be attributed to him. However, nowhere in the transcript nor in the record generally is there any evidence that the parties made such a stipulation. There is therefore nothing to suggest

3

that the District Court made a mistake in calculating the advisory Guidelines range that would justify this Court's interference with the sentence imposed by the District Court.

## III.

For the foregoing reasons, we will affirm the District Court's judgment.